UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAMES HUSPON,          )<br>                              )<br>            Petitioner,      )<br>v.                             )     No. 1:09-cv-1103-SEB-DML<br>                              )<br>BRETT MIZE,              )<br>                              )<br>            Respondent.   ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The writ James Huspon seeks in relation to the prison disciplinary proceeding identified as No. ISR 09-04-0071, in which it was determined that Huspon violated prison rules by committing battery upon another person, can be issued only if the court finds that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because he has not made such a showing, his petition for a writ of habeas corpus must be **denied.** The reason for this disposition is that the pleadings and the expanded record show that: (1) the procedural protections required by *Wolff v. McDonnell,* 418 U.S. 539 (1974), were provided; (2) there was at least "some evidence" to support the decision of the hearing officer as required by *Superintendent of Walpole v. Hill,* 472 U.S. 445 (1985), *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient); and (3) the proceedings were not otherwise tainted by prejudicial error. In particular, Huspon's claim that the conduct report was issued as a retaliatory measure does not warrant relief in this case because a hearing officer who follows established procedures, whose discretion is circumscribed by regulations, and who adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness violative of due process. *Wolff,* 418 U.S. at 571.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Huspon to the relief he seeks. Accordingly, Huspon's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 08/10/2010

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana